

1 | ANDREW R. HADEN
Acting United States Attorney
2 | MATTHEW BREHM
Assistant United States Attorney
3 | California Bar No. 239288
Federal Office Building
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 546-8983
Email: Matthew.Brehm@usdoj.gov
6
7 | Attorneys for United States of America

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | UNITED STATES OF AMERICA,            Case No. 23CR0956-JO

11 |            Plaintiff,

12 |     v.                              PLEA AGREEMENT

13 | HOMERO CERVANTES ROSALES (3),

14 |            Defendant.

15 |     IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16 | AMERICA, through its counsel, Andrew R. Haden, Acting United States

17 | Attorney, and Matthew Brehm, Assistant United States Attorney, and

18 | Defendant HOMERO CERVANTES ROSALES, with the advice and consent of Gary

19 | P. Burcham, counsel for Defendant, as follows:

20 |                              **I**

21 |                          **THE PLEA**

22 |     Defendant agrees to waive indictment and plead guilty to Counts 1

23 | and 2 of the Superseding Information charging Defendant with Conspiracy

24 | to Traffic Firearms, in violation of 18 U.S.C. § 933(a), and Engaging

25 | in the Business of Dealing Firearms Without a License, in violation of

26 | 18 U.S.C. § 922(a)(1)(A).

27 |     The Government agrees to (1) move to dismiss the remaining charges

28 | without prejudice when Defendant is sentenced, and (2) not prosecute

1   Defendant thereafter on such dismissed charges unless Defendant
2   breaches the plea agreement or the guilty plea entered pursuant to this
3   plea agreement is set aside for any reason. If Defendant breaches this
4   agreement or the guilty plea is set aside, section XII below shall
5   apply.

6       Defendant agrees that, following entry of Defendant's guilty plea,
7   the Government need not hold or preserve any evidence seized in
8   connection with this case. For any controlled substance seized in
9   connection with this case, Defendant agrees that, following entry of
10  Defendant's guilty plea, the Government may destroy the controlled
11  substance 30 days after the Government has provided Defendant with the
12  laboratory analysis report. If Defendant believes that additional
13  testing is needed, Defendant will arrange for and complete such testing
14  within that 30-day period, unless that period is extended by joint
15  written agreement or Court order, in which case the Government shall
16  preserve the controlled substance for the agreed-upon or judicially
17  mandated period. If the court has issued a preservation order in
18  connection with any seized evidence, Defendant will request that the
19  Court lift or revoke the preservation order following entry of
20  Defendant's guilty plea.

21      In addition, Defendant consents to the forfeiture allegations of
22  the Superseding Information and agrees the attached forfeiture addendum
23  shall govern forfeiture in this case.

24  //
25  //
26  //
27  //
28

2

Def. Initials _Hc R_
23CR0956-JO

## II

### **NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

Count 1

Conspiracy to Traffic Firearms

1. There was an agreement between two or more persons to Traffic Firearms; and

2. The defendant joined that agreement knowing of its purpose and intending to help accomplish that purpose.

Count 2

Dealing Firearms Without a License

1. The defendant was willfully engaged in the business of dealing in firearms; and

2. The defendant did not then have a license as a firearm dealer.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

> 1.   Beginning on a date unknown and continuing up to and including April 20, 2023, within the Southern District of California and elsewhere, defendant agreed with co-defendant Mauricio Cervantes Rosales and others to transport and transfer firearms to individuals having

3

Def. Initials _HCR_
23CR0956-JO

reasonable cause to believe that the use, carrying, and possession of the firearms by those individuals would constitute a felony;

2. Defendant and his co-defendant Mauricio Cervantes Rosales and others would exchange marijuana with co-conspirators in Texas for firearms, which they would in turn sell to individuals they had reasonable cause to believe were drug traffickers. Defendant and his co-defendant Mauricio Cervantes Rosales also utilized other sources to obtain the firearms for the conspiracy.

3. Specifically, in furtherance of the conspiracy, on February 21, 2023, defendant and co-defendant Gerardo Fabian Gonzalez-Michel met with a cooperating individual and UCA1 in San Diego, California, where they transferred to UCA1 a rifle and two short-barrel rifles for $6,000. UCA1 and the cooperating individual were posing as drug traffickers and told Defendant and Gonzalez-Michel the firearms were destined for Tijuana, Mexico. Defendant told UCA1, with advance notice, he could get whatever kind of firearms and ammunition that UCA1 wanted. Defendant explained that he sent "moto" (marijuana) to Texas and receives firearms in return. Preliminary checks of Firearms Trace Summaries for the three firearms revealed that the three firearms were purchased originally in Killeen, Texas; Conroe, Texas; and Arlington, Texas.

4. In furtherance of the conspiracy, on February 22, 2023, defendant met with UCA1 in San Diego, California and transferred to UCA1 two rifles and one non-serialized, Privately Made Firearm (PMF) pistol for $6,000. UCA1 explained the firearms were destined for Mexico. Defendant told UCA1 he knew someone in Los Angeles that could convert the rifles to shoot fully automatic and that he was from Michoacan, Mexico.

5. In furtherance of the conspiracy, on February 24, 2023, defendant met with UCA1 and UCA3, who also was posing as a drug trafficker, in San Diego, California and transferred to them a rifle and two pistols for $5,500.

6. In furtherance of the conspiracy, on February 28, 2023, defendant met with UCA1 in San Diego California and transferred to him a total of six rifles for $12,000, including a rifle with an auto sear that made it capable of firing fully automatic, a rifle with an obliterated serial number, and four non-serialized PMF rifles. Defendant explained to UCA1 that he knew someone who he used to smuggle items from San Diego to Tijuana.

7. In furtherance of the conspiracy, on March 3, 2023, Defendant met with UCA1 and UCA3 and transferred to them six firearms for $10,800, including a machinegun and, two short-barrel rifles, and two non-serialized PMFs.

8. In furtherance of the conspiracy, on March 10, 2023, defendant met with UCA1 in San Diego, California, and transferred to him a two non-serialized short-barrel

5

Def. Initials H6D

23CR0956-JO

rifle PMFs and approximately 446.6 grams of methamphetamine (actual) for $4,600. UCA1 continued to hold himself out to be a drug trafficker and told Defendant his financier was in Sinaloa, Mexico.

9. In furtherance of the conspiracy, on March 24, 2023, defendant and co-defendant Mauricio Cervantes Rosales met UCA1 and UCA3 in San Diego, California, and transferred to them four rifles for $7,200, including three non-serialized PMFs. UCA1 again discussed with defendant that his financier was in Mexico.

10. In furtherance of the conspiracy, on March 31, 2023, defendant met with UCA1 and UCA3 in San Diego, California, and transferred to them six silencers for $3,000. Defendant explained the silencers would fit a 9mm pistol and an "R15" rifle and that they had been tested and were so quiet one couldn't hear shots being fired.

11. In furtherance of the conspiracy, on April 20, 2023, defendant and co-defendant Mauricio Cervantes Rosales met with UCA1 and UCA3 and transferred to them 20 firearms and approximately 4.8 kilograms of methamphetamine in exchange for the promise of payment.

12. The transfer and sale of the firearms by defendant and his coconspirators was made in and affected interstate commerce.

13. Defendant had reasonable cause to believe that the use and possession of the firearms by UCA1 and UCA3 would

6

Def. Initials _HCR_

23CR0956-JO

constitute a felony, including but not limited to Possession of a Firearm in Furtherance of a Drug Trafficking Offense (18 U.S.C. § 924(c)).

14. Defendant knowingly sold the firearms and methamphetamine.

15. Neither defendant nor his co-defendants were licensed a firearm dealer.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

#### Count 1

#### Conspiracy to Traffic Firearms

A. a maximum 15 years in prison;

B. the greater of a maximum $250,000 fine or a fine equal to twice the gross profits or other proceeds of the offense;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. forfeiture of all property constituting and derived from proceeds obtained as a result of the violation, all property used and intended to be used to commit and to facilitate the commission of the offense, and all firearms and ammunition involved in the offense.

#### Count 2

#### Dealing Firearms Without a License

A. a maximum of five years in prison;

7

Def. Initials _HCR_

23CR0956-JO

B.  a maximum $250,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  a term of supervised release of up to three years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.  forfeiture of all firearms and ammunition involved in the offense.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

8

Def. Initials H C R
23CR0956-JO

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

9

Def. Initials _HCD_
23CR0956-JO

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

# VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

10

Def. Initials HCD
23CR0956-JO

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

```
            1.   Base Offense Level [§ 2K2.1(a)]           *
            2.   Number of Firearms [§ 2K2.1(b)(1)(c)]     +6
            3.   Obliterated Serial Number [§ 2K2.1(b)(4)] +4
            4.   Connection to Felony Offense [§ 2K2.1(b)(6)] +4
            5.   Acceptance of Responsibility [§ 3E1.1]    -3
            6.   Departure for Combination of Circumstances -2
                 [§ 5K2.0]
```

* The final Base Offense Level will be based on the convictions, if any, contained in the Presentence Report prepared by Probation in this case and could be as great as 26, under USSG § 2K2.1(a)(1). If

11

Def. Initials HCR

Defendant has not suffered any applicable convictions for a crime of violence or a controlled substance offense, the parties agree the applicable Base Offense Level would be 20, per USSG § 2K21.1(a)(4), as defendant was a prohibited person under 18 U.S.C. § 922(g)(5).

If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward

12

Def. Initials _HCR_
23CR0956-JO

1  adjustments, departures, or variances not set forth in Section X,
2  paragraph A above.

3      D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

4      The parties have **no** agreement as to Defendant's Criminal History
5  Category.

6      E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

7      The facts in the "factual basis" paragraph of this agreement are
8  true and may be considered as "relevant conduct" under USSG § 1B1.3 and
9  as the nature and circumstances of the offense under 18 U.S.C.
10 § 3553(a)(1).

11     F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

12     The Government will recommend that Defendant be sentenced to the
13 within the advisory guideline range recommended by the Government at
14 sentencing.

15     G.   SPECIAL ASSESSMENT AND FINE

16          1.   Special Assessment

17     The parties will jointly recommend that Defendant pay a special
18 assessment in the amount of $100.00 per felony count of conviction] to
19 be paid forthwith at time of sentencing. Special assessments shall be
20 paid through the office of the Clerk of the District Court by bank or
21 cashier's check or money order made payable to the "Clerk, United States
22 District Court."

23          2.   Fine

24     The parties will not recommend imposition of a fine due to
25 Defendant's limited financial prospects and because the cost of
26 collection, even taking into account the Inmate Responsibility Program,

27

28

Def. Initials *ł.C.R*

13

23CR0956-JO

1  likely would exceed the amounts that could reasonably be expected to be
2  collected.

3      H.    SUPERVISED RELEASE

4      If the Court imposes a term of supervised release, Defendant will
5  not seek to reduce or terminate early the term of supervised release
6  until Defendant has served at least 2/3 of the term of supervised
7  release and has fully paid and satisfied any special assessments, fine,
8  criminal forfeiture judgment, and restitution judgment.

9                                   XI

10        **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

11     Defendant waives (gives up) all rights to appeal and to
12  collaterally attack every aspect of the conviction and sentence,
13  including any restitution order. This waiver includes, but is not
14  limited to, any argument that the statute of conviction or Defendant's
15  prosecution is unconstitutional and any argument that the facts of this
16  case do not constitute the crime charged. The only exception is
17  Defendant may collaterally attack the conviction or sentence on the
18  basis that Defendant received ineffective assistance of counsel. If
19  Defendant appeals, the Government may support on appeal the sentence or
20  restitution order actually imposed.

21                                  XII

22            **BREACH OF THE PLEA AGREEMENT**

23     Defendant and Defendant's attorney know the terms of this agreement
24  and shall raise, before the sentencing hearing is complete, any claim
25  that the Government has not complied with this agreement. Otherwise,
26  such claims shall be deemed waived (that is, deliberately not raised
27  despite awareness that the claim could be raised), cannot later be made

28

                                    14

                                            Def. Initials _H C R_
                                            23CR0956-JO

to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;
2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;
3.  Failing to appear in court;
4.  Attempting to withdraw the plea;
5.  Failing to abide by any court order related to this case;
6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea.

15

Def. Initials _H͟C͟R͟_
23CR0956-JO

Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

//

//

16

Def. Initials _HCR_
23CR0956-JO

1
## XIV

2
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

3      By signing this agreement, Defendant certifies that Defendant has

4   read it (or that it has been read to Defendant in Defendant's native

5   language). Defendant has discussed the terms of this agreement with

6   defense counsel and fully understands its meaning and effect.

7
## XV

8
### DEFENDANT SATISFIED WITH COUNSEL

9      Defendant has consulted with counsel and is satisfied with

10  counsel's representation. This is Defendant's independent opinion, and

11  Defendant's counsel did not advise Defendant about what to say in this

12  regard.

ANDREW R. HADEN
Acting United States Attorney

14

15  10/6/23
DATED

MATTHEW BREHM
Assistant U.S. Attorney

17  DATED  10/5/23

18
GARY P. BURCHAM
Defense Counsel

19  **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER**
**PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE**
20  **ARE TRUE.**

21  10/5/23

22  DATED

HOMERO CERVANTES ROSALES
Defendant

23

24

25

26

27

28

Def. Initials HCR
23CR0956-JO

## FORFEITURE ADDENDUM TO PLEA AGREEMENT

### U.S. v. HOMERO CERVANTES ROSALES, 23CR0956-JO

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into, and is a part of the Defendant's plea agreement, and the additional terms and warnings below apply. In addition to the penalties set forth in the plea agreement, the Defendant understands that forfeiture of all property constituting and derived from proceeds obtained as a result of the violation set forth in Count 1, all property used and intended to be used to commit and to facilitate the commission of the offense set forth in Count 1, and all firearms and ammunition involved in the offenses set forth in Counts 1 and 2 are mandatory penalties imposed for the offenses to which Defendant is pleading guilty. Defendant is also agreeing to forfeiture for conduct beyond the offense to which he is pleading guilty and is hereby agreeing to forfeiture of all properties seized in connection with the case.

A.    Property Subject to Forfeiture.

In addition to pleading guilty to Counts 1 and 2 of the Superseding Information, and consenting to all the forfeiture allegations as set forth in section I of the main plea agreement, Defendant agrees to forfeit to the United States all property seized in connection with this case, including but not limited to:

a. one Radical Firearms rifle, Model RF-16, bearing serial number 21-030500;
b. one Eagle Arms rifle, Model Eagle-15, bearing serial number 15-000444B;
c. one Aero Precision rifle, Model X15, bearing serial number X173866;
d. one Ander Manufacturing rifle, Model AM-15, bearing serial number 16038758;
e. one American Tactical Imports rifle, Model Omni Hybrid, bearing serial number NS084511;

Forfeiture Addendum

Def. Initials HCR

23CR0956-JO

f. one Aero Precision rifle, Model M4E1, bearing serial number M4-0237508;

g. three non-serialized PMF rifles;

h. one Palmetto State Armory rifle, Model PA-15, bearing serial number SCD0686982;

i. one CMMG Inc. rifle, Model MK-4, bearing serial number BMR07716;

j. one Aero Precision rifle, Model X15, bearing serial number X211541;

k. one High Standard Firearms rifle, Model HAS-15, bearing serial number RES04097;

l. one DPMS Inc rifle, Model A15, bearing serial number N0005094;

m. one Anderson Manufacturing rifle, Model AM-15, bearing serial number 20005102;

n. one Savage rifle, Model MSR-10, bearing serial number LR003323;

o. one Legend MFG Inc.(American Pride) rifle, bearing serial number 12783;

p. one non-serialized silencer;

q. one Radical Firearms rifle, Model RF-15, bearing serial number 2-003313;

r. two non-serialized PMF pistols;

s. one Del-Ton Inc. pistol, DTI-15, bearing serial number DTI-S188974;

t. one Rohm revolver, Model RG62, bearing serial number 16669;

u. one Taurus International pistol, bearing serial number TIP96217;

v. one Rock Island Armory pistol, bearing serial number R1A1447684; and

w. approximately 25 magazines; various firearm parts, and ammunition.

B.   Statutory Bases of Forfeiture.

Defendant agrees all the properties described above are subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d), 933, and Title 28, United States Code, Section 2461(c), as proceeds of and properties used in the offense set forth in Count 1, and as firearms and ammunition involved in Counts 1 and 2. Additional properties seized in connection with this case are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d), Title 26, United State Code, Section 5872, Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 492.

//

2

Def. Initials _HCR_

23CR0956-JO

1      C.    Immediate Entry of Preliminary Order of Forfeiture.

2          Defendant consents and agrees to the immediate entry of a
3  preliminary order of forfeiture upon entry of the guilty plea.
4  Defendant further agrees that upon entry of the preliminary order of
5  forfeiture, such order will be considered final as to defendant's
6  interests in the property described above.

7          In addition, Defendant agrees to immediately withdraw any claims
8  to any and all properties seized in connection with this case in any
9  pending administrative or civil forfeiture proceedings, and consents to
10 and agrees to not contest the forfeiture of all properties seized in
11 connection with this case. By signing this addendum Defendant is
12 withdrawing any and all petitions and claims in any and all proceedings.
13 Defendant agrees to execute any and all documents requested by the
14 Government to facilitate or complete the forfeiture process(es).
15 Defendant further agrees not to contest or to assist any other person
16 or entity in contesting the forfeiture of any properties seized in
17 connection with this case in the forfeiture proceedings ancillary to
18 this criminal case, and in any related administrative and civil
19 forfeiture proceeding.

20      D.    Entry of Orders of Forfeiture and Waiver of Notice.

21         Defendant consents and agrees to the entry of orders of forfeiture
22 for such property and waives the requirements of Federal Rules of
23 Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in
24 the charging instrument, announcement of the forfeiture at sentencing,
25 and incorporation of the forfeiture in the judgment. Defendant
26 understands that the forfeiture of assets is part of the sentence that
27 may be imposed in this case and waives any failure by the Court to

28

3

Def. Initials _HcR_

23CR0956-JO

1  advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the
2  Court accepts the guilty plea(s).

3      E.   <u>Waiver of Constitutional and Statutory Challenges</u>.

4      Defendant further agrees to waive all constitutional and statutory
5  challenges in any manner (including direct appeal, habeas corpus, or
6  any other means) to any forfeiture carried out in accordance with this
7  agreement on any grounds, including that the forfeiture constitutes an
8  excessive fine or punishment. Defendant agrees to take all steps as
9  requested by the United States to pass clear title to forfeitable assets
10 to the United States, and to testify truthfully in any judicial
11 forfeiture proceeding.

12     F.   <u>Agreement Survives Defendant; No Forfeiture Abatement</u>.

13     Defendant agrees that the forfeiture provisions of this plea agree-
14 ment are intended to, and will, survive defendant, notwithstanding the
15 abatement of any underlying criminal conviction after the execution of
16 this agreement. The forfeitability of any particular property pursuant
17 to this agreement shall be determined as if defendant had survived, and
18 that determination shall be binding upon defendant's heirs, successors
19 and assigns until the agreed forfeiture, including any agreed money
20 judgment amount, is collected in full.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

4

Def. Initials _HCR_
23CR0956-JO

1    The defendant understands that the main plea agreement and this

2    forfeiture addendum embody the entire plea agreement between the parties

3    and supersedes any other plea agreement, written or oral.

4

5

6    _10/5/23_____          _Homero cervantes Rosales_
     DATED                              HOMERO CERVANTES ROSALES
7                                       Defendant

8

     Acknowledgment by Counsel:
9

10
     10/6/23
11   _____          _____
     DATED                              MATTHEW BREHM
12                                       Assistant U.S. Attorney

13   _10/5/23_____
     DATED                              _____
14                                       GARY P. BURCHAM
                                         Defense Counsel
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5